**UNITED STATES of America, Appellee,**

v.

**Joseph Tito STATCHUK, Appellant.**

**No. 81–5171.**

United States Court of Appeals, Fourth Circuit.

Argued May 4, 1982.

Decided June 11, 1982.

Joseph Kiel, Towson, Md., for appellant.

Stuart O. Simms, Asst. U. S. Atty., Baltimore, Md. (J. Frederick Motz, U. S. Atty., Baltimore, Md. on brief), for appellee.

Before RUSSELL, WIDENER and MURNAGHAN, Circuit Judges.

PER CURIAM:

Joseph Tito Statchuk was tried by a U. S. Magistrate for the District of Maryland on a charge of operating a motor vehicle after his driver's license had been suspended. Upon his conviction on June 4, 1981, Statchuk mailed a letter setting forth his notice of appeal that same day. The letter was received in the Magistrate's office in Hyattsville, Maryland on June 8, 1981.

That, we may accept for the present purposes was the date of filing. The letter noting the appeal was forwarded to the district court clerk's office in Baltimore, Maryland where it arrived on June 11, 1981. The appeal was docketed by the clerk on June 15, 1981.

Under local rules adopted to govern proceedings in the United States District Court for the District of Maryland, Rule 82(f) provides:

> After any appeal has been noted from a United States Magistrate the appellant shall file a memorandum with the Clerk (with two additional copies) stating the exact points of law, facts and authorities on which the appeal is based. Said memorandum shall be filed and a copy served on the appellee within thirty (30) days of the docketing of the appeal.... If an appellant fails to file his memorandum within the time provided by this rule, or any extension thereof granted by the Court, the Court may dismiss the appeal. All appeals shall be decided on the record and the parties' memoranda, unless the Court, in its discretion, permits oral argument.

On July 8, 1981, more than thirty days from the date the appeal was filed, but less than thirty days after the appeal was docketed on June 15, 1981, the district judge dismissed the appeal for failure to comply with Local Rule 82.

Turning to the Federal Rules of Civil Procedure, Rule 83 explicitly creates in each district court a power to make and amend rules governing its practice not inconsistent with the Federal Rules of Civil Procedure themselves. It is clear, however, under the Federal Rules of Civil Procedure that filing is not the same as docketing. The docket is a book in which entries, including an entry to denote the filing of an appeal, are to be made. F.R.Civ.P. 79. F.R.Civ.P. 60(a) provides: "During the pendency of an appeal, [clerical] mistakes may be ... corrected before the appeal is docketed in the appellate court." "[T]he filing of a notice of appeal to the court of appeals ... does not divest the district court of power to make

corrections under Rule 60(a). The power continues until the case is docketed in the appellate court." 6A Moore's *Federal Practice* ¶ 60.08[2] at 4071.

At oral argument the government, with commendable candor, acknowledged that it did not oppose reversal to permit Statchuk, within such reasonable time as the district court may set, but in no event less than the one week still remaining under the thirty-day period when on July 8, 1981 the appeal was dismissed, to file a memorandum in conformance with Local Rule 82.

SO ORDERED.